**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2024 IL App (3d) 230216-U

Order filed March 11, 2024

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2024

| | | |
|---|---|---|
| *In re* MARRIAGE OF | ) | Appeal from the Circuit Court |
| | ) | of the 18th Judicial Circuit, |
| SHANNON RODGERS, | ) | Du Page County, Illinois, |
| | ) | |
| Petitioner-Appellee, | ) | |
| | ) | Appeal No. 3-23-0216 |
| and | ) | Circuit No. 15-D-307 |
| | ) | |
| DANIEL RODGERS, | ) | Honorable |
| | ) | Kenton J. Skarin, |
| Respondent-Appellant. | ) | Judge, Presiding. |

JUSTICE PETERSON delivered the judgment of the court.
Presiding Justice McDade and Justice Albrecht concurred in the judgment.

**ORDER**

¶ 1    *Held*:  The circuit court did not abuse its discretion by modifying maintenance.

¶ 2    Respondent, Daniel Rodgers, appeals the Du Page County circuit court's order modifying maintenance. Respondent argues that the court erred in its interpretation of the Second District's remand order resulting in the court believing it was required to modify maintenance and that it abused its discretion by modifying maintenance. We affirm.

¶ 3                                    I. BACKGROUND

¶ 4         The parties were married in 2002. Petitioner, Shannon Rodgers, filed a petition for

dissolution of marriage in 2015. A judgment for dissolution of marriage was entered in 2017,

which incorporated the parties' marital settlement agreement. The agreement provided for

respondent to pay petitioner maintenance in the amount of $4434 per month. In October 2020,

petitioner filed a petition to modify maintenance, alleging that respondent's increased income

was a substantial change in circumstances. The court denied the petition and petitioner appealed.

The Second District entered an order reversing the denial of modification and remanding for

further proceedings. *In re Marriage of Rodgers*, 2022 IL App (2d) 210728-U, ¶ 2. The Second

District stated that had the trial court applied the statutory factors to determine whether a

substantial change occurred it would have been obvious that petitioner met her burden of

showing it had, and that "[t]he trial court then should have determined how the maintenance

award should be modified upon this showing." *Id.* ¶ 26. It determined that respondent's increased

income was a substantial change in circumstances and that "the trial court should have analyzed

the statutory factors enumerated in section 504(a) of the Act to determine whether a modification

of [respondent's] maintenance obligations would be appropriate." *Id.* ¶ 32. The Second District

remanded the matter for the limited purpose of allowing the parties to argue the relevant factors

and for the circuit court to make a record of the factors supporting its decision regarding

modification. *Id.* ¶ 36. The partial dissent stated that "[b]ased upon what the majority disposition

discloses, I submit that [petitioner] has established that an increase is in order and that the case

should be remanded, not for further findings (which appear to be preordained and erroneous), but

a determination of the amount of the increase." *Id.* ¶ 40.

¶ 5    On remand, the parties filed written arguments regarding the statutory factors. The court issued a written order. The order noted that the Second District had concluded that petitioner met her initial burden of showing a substantial change in circumstance. It then stated that the appellate decision directed the circuit "court to reconsider the factors of 750 ILCS 5/504(a) and 5/510(a-5) to reset the maintenance." Although the court indicated some disagreement with the Second District's order, it stated "this court is obligated to apply the appellate court's ruling to the best of its ability. The appellate court directs this court to modify maintenance ***. This court will do so." The order then set forth the court's findings of fact as to the statutory factors. The court found that respondent's income increased from $200,674 to $467,000. It found that petitioner was underemployed for the 14 months following completion of her degree and that the underemployment was not in good faith. Additionally, it found that petitioner's listed monthly expenses of $9373 were generally reasonable and were not meaningfully challenged. The court also determined that petitioner had been out of the job market from age 34 to age 47, during which time she contributed to respondent's career and career potential by caring for the children. Due to her time out of the job market, the court found that petitioner suffered an impairment to her present and future earning capacity but that her earning capacity improved following completion of her degree. Further, the court found that "the parties' lifestyle during the marriage was a mirage fueled by ballooning debt." Following the findings on the statutory factors, the order noted that since the appellate court already concluded that there was a substantial change in circumstances, it was moving "to a recalculation of Respondent's maintenance obligation."

¶ 6    The court noted it had found respondent's income to be $467,000 and that it would use $35,000 as respondent's income as that was the amount imputed to her in the initial judgment. The court determined that the combined income exceeded the $500,000 maximum for the

3

statutory guidelines to apply, but calculated a guideline maintenance amount for comparison purposes, which resulted in an amount of $11,092 per month. The court also did a calculation using $62,500 as petitioner's income—the midpoint between the amounts petitioner was expected to make after working for a year and a half. This calculation resulted in an amount of $10,634 per month. The court granted the petition to modify maintenance and set it at $10,000 per month. In doing so, the court noted it utilized its significant discretion in setting the amount of maintenance and in making the modification retroactive.

¶ 7    Respondent filed a motion to reconsider, noting that the Second District's order did not require maintenance to be modified. The court denied the motion. In doing so, the court stated "I understand that I do have discretion once there is a substantial change as to when and how to address modification of maintenance." Respondent appeals.

¶ 8                                    II. ANALYSIS

¶ 9    Respondent argues that the circuit court misinterpreted the Second District's order as requiring it to modify maintenance when the order required the court to consider the appropriate factors in deciding whether or not to modify maintenance. Respondent further argues that the court abused its discretion by modifying maintenance and notes that when the court is required to exercise its discretion but fails to do so, the failure is an abuse of discretion. Petitioner argues the court properly followed the Second District's order by evaluating the factors and determining whether modification was warranted. In support, she specifically references the order's language that the court exercised its significant discretion in setting the amount of maintenance after considering the factors. Petitioner further argues that the court did not abuse its discretion by modifying maintenance.

4

¶ 10        "When a court determines that there has been a substantial change in circumstances, it may modify the maintenance award, but it is not required to do so." *In re Marriage of Osseck*, 2021 IL App (2d) 200268, ¶ 48. The court must consider the statutory factors in determining whether to modify maintenance and, if so, under what terms. *Id.* The circuit court's modification of maintenance is reviewed for an abuse of discretion. *Id.* ¶ 49. "A trial court abuses its discretion when its decision is arbitrary, fanciful, unreasonable, or where no reasonable person would take the view adopted by the court." *Id.* "There is error when a trial court refuses to exercise discretion in the erroneous belief that it has no discretion as to the question presented." *People v. Queen*, 56 Ill. 2d 560, 565 (1974). " '[T]he effect of such a failure to exercise discretion must be assessed in the context of the entire proceeding [citation].' " *People v. Chapman*, 194 Ill. 2d 186, 224 (2000) (quoting *People v. Gibson*, 136 Ill. 2d 362, 379 (1990)). Upon remand, the circuit court is to exercise its discretion within the bounds of the remand and the determination of whether it has done so is a question of law. *In re Marriage of Jones*, 2019 IL App (5th) 180388, ¶ 24.

¶ 11        Here, as argued by respondent, the court's order modifying maintenance includes statements indicating that the court believed that the Second District required it to modify maintenance rather than determine whether maintenance should be modified. However, respondent argued in his motion to reconsider that the Second District's order did not require modification and in response the court made clear that it understood it had the discretion as to how to address maintenance. Therefore, it does not appear that the court acted under an erroneous belief that it did not have discretion when it granted modification. Even if the court did act under the belief it had no discretion, reversal and remand is not always required and in the context of these proceedings it is not required here. See, *Chapman*, 194 Ill. 2d at 224.

5

¶ 12    Following the Second District's order, the circuit court set forth a detailed analysis of the statutory factors. Having analyzed the factors, the court determined that modification was warranted based on its findings, including that respondent's income had increased substantially, the amount of petitioner's monthly expenses, and the fact that petitioner had been out of the job market for a substantial period of time while she contributed to respondent's career and career potential while caring for the children. Based on the foregoing, and in light of the Second District's order which intimated that the evidence supported an increase in maintenance (see *Rodgers*, 2022 IL App (2d) 210728-U, ¶ 25-29; *id.* ¶ 40 (McLaren, J., partially dissenting)) we cannot say that the circuit court's decision to modify maintenance was arbitrary, fanciful, unreasonable, or that no reasonable person would have modified maintenance. Therefore, we conclude that the court did not abuse its discretion.

¶ 13                                    III. CONCLUSION

¶ 14    The judgment of the circuit court of Du Page County is affirmed.

¶ 15    Affirmed.